J. W. WRIGHT, Appellee, v. E. M. DICKEY CO., Appellant, and SIBLEY LOANING COMPANY, Intervener, Appellee.

Mortgage on Growing Crops: SALE: PURCHASER CHARGED WITH NOTICE AFTER HARVEST. The record of a mortgage upon crops to be raised by a person named upon certain described premises, is notice of such lien upon said property after the crops have been harvested and carried to market, as against a purchaser of the same upon the market in good faith.

*Appeal from Lyon District Court.* — HON. G. W. WAKEFIELD, Judge.

FRIDAY, OCTOBER 9, 1891.

ONE Irwin was the tenant of, and raised wheat on the land of, the plaintiff Wright during the year 1888, on which the law gave to Wright a lien for his rental.

February 15, 1888, Irwin gave to the intervener a mortgage on the crops thus raised, and the description in the mortgage is: "All crops raised this year on the eighty acres I rent on the southeast quarter of section 21, township 99, range 43; also, all crops I raise on the northeast quarter of 28 — 99 — 43, — altogether about one hundred and sixty acres." In October, 1888, after the wheat was threshed, it was sold on the market by Irwin to the E. M. Dickey Co., for which a full price was paid, and without any knowledge of a lien thereon, except such as was imparted by the record of the mortgage to the intervener, which was filed February 16, 1888. Wright brings this action against the E. M. Dickey Co., to recover the value of the wheat because of his landlord's lien. The defendant, the E. M. Dickey Co., and the intervener, the Sibley Loaning Company, unite in resisting the claim of the plaintiff; and the intervener further claims of the E. Mr. Dickey Co. the value of the wheat by virtue of its mortgage, which the E. M. Dickey Co. resists, undet the plea of its purchase in open market, in good faith, and with no actual knowledge of the mortgage lien. The district court gave judgment for the intervener against both the plaintiff and the defendant. The defendant company alone appeals.—*Affirmed.*

*J. D. F. Smith*, for appellant.

*O. J. Clark*, for appellee.

GRANGER, J.—Inasmuch as the E. M. Dickey Company has alone appealed, the controversy here is only as to the validity of the judgment in favor of the intervener against the E. M. Dickey Co. The point is somewhat argued as to the sufficiency of the description in the mortgage to impart constructive notice; but, as the argument of the appellant practically concedes that the description is sufficient "had the grain been upon

the ground on which it had been raised" we are only to determine its sufficiency to impart notice after the grain had been harvested, threshed and put upon the market.

The query we are expected to meet will be better understood by the following, from the appellant's argument: "For this court to sustain a rule of law that will permit a party to change entirely the identity of the property, and say that the purchaser in good faith, and for a valuable consideration, is bound thereby, seems to us to be a complete setting aside of the law which provides that a conveyance of personal property without change of possession, or where the vendor retains possession, shall be of no effect and validity without the execution and recording of an instrument conveying the same." All persons were required to take notice of the mortgage made by Irwin to the intervener before the crop was severed from the ground, for the mortgage then came within the rule that, "in order to charge third persons with constructive notice of a chattel mortgage, the description as contained in the mortgage must direct the mind to the evidence whereby the precise thing conveyed may be ascertained." The query then is, how much less did the mortgage do in that respect after the grain was threshed and offered on the market? or, how much less would such a mortgage enable one to identify the particular grain after it was threshed, than it would if the mortgage had been given on the grain after it was threshed and in the bin, describing it as wheat in a particular bin on certain premises? Stress is placed on the fact that this grain was offered in open market in town. Now, the buyer on the market knew Irwin's grain while growing was mortgaged, and that the mortgage continued unsatisfied upon the record; and we think such a mortgage just as effectually directs the mind to evidence whereby a buyer in open market may

know the identity of the grain, as if the grain was mortgaged after it was threshed, and then placed upon ·the market.   It is true that in either case the identification is difficult, and legislation in this respect might serve a useful purpose; but we are not prepared to say that the difficulties are such that such mortgages as to third persons without actual notice are void, and such ·is the effect of the rule, as claimed.  As we have said, the record was notice that the grain grown by Irwin on ·certain land was mortgaged.   Irwin offered the grain for sale.   This knowledge from the record was sufficient to put a purchaser on inquiry, and to our minds an inquiry would have disclosed the actual condition of the grain.   The changed condition of the property, by being severed from the ground, and placed upon the market, does not, when viewed in the light of its prac-·tical effect, necessitate a change of the rule.   A consid-·eration of the question will lead to a conclusion that the same practical difficulties lie in the way of an incumbrance on threshed grain, stock and products of a farm when taken therefrom to market places for sale. ·The ruling of the district court is in harmony with the ·general rule, long observed in this state, and we see no reason now to depart from it, even though other courts, ·under statutes quite similar, have held differently.

The judgment is AFFIRMED.